## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

JAMES T. MCCARTHY,

    Plaintiff,

    v.                                                         Case No. 04-C-349

MARY GREEN, RONALD MOLNAR,
DR. MANUEL JOSEPH, COREY FREEMAN,
KIMBERLY K. RUSSELL, and OFFICER RICHARDS,

    Defendants.

## DECISION AND ORDER

Plaintiff James T. McCarthy, a Wisconsin state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis on claims that the defendants violated his rights under the Eighth Amendment to the United States Constitution. On April 29, 2005, the court dismissed this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Civil L.R. 41.3 (E.D. Wis.). Judgment was entered dismissing this action on May 2, 2005. On May 15, 2006, the plaintiff filed a "Motion to Show Cause" pursuant to Federal Rule of Civil Procedure 60(b), which will be addressed herein.

The court dismissed this action for failure to prosecute because the plaintiff did not file a response to the defendants' motion for summary judgment. The defendants filed their summary judgment motion on January 7, 2005. In a March 4, 2005, order, the court granted the plaintiff additional time to April 4, 2005, to file his response to the defendants' motion. The court also advised the plaintiff this his action might be dismissed for failure to prosecute if he

failed to file a timely response by April 4, 2005. No response was filed. On April 29, 2005, this case was dismissed.

In his motion to show cause, the plaintiff asserts that he missed the deadline because: 1) he lost everything he owned while in prison; 2) he lost his job and has a great deal of child support to pay; 3) his parole agent placed him in the Blandine House for AODA treatment for 60 days; 4) after the 60 days, the plaintiff was sent to county jail in Fond du Lac; 5) he was in jail for 100 days; 6) once released from jail, his case had been dismissed; and 7) he was in the county jail until March 9, 2006, but now that he is in prison he has his first opportunity to go to the law library and conduct legal research. (Plaintiff's Motion to Show Cause at 1-2.) For these reasons, the plaintiff requests that the court reopen this case pursuant to the "excusable neglect" provision of Fed. R. Civ. P. 60(b) "to afford me the opportunity to file my summary judgement[.]" Id. at 2.

The defendants oppose the plaintiff's motion. They contend that the court should deny the motion because, 1) it is untimely; 2) the plaintiff gives no reason as to why he could not have notified the court earlier of his situation or his inability to prosecute his case; and 3) the defendants have a right to a timely and final adjudication of this matter.

Rule 60(b) of the Federal Rules of Civil Procedure enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. Russell v. Delco Remy Div. Of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

- 2 -

> prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 [7th Cir. 2005]). In assessing whether relief is appropriate, the court must balance the competing policies of determining cases on their true merits against the desire to preserve res judicata and achieve finality in litigation. Wright, Miller & Kane, Federal Practice and Procedure § 2857 (1995). Relief under Rule 60(b) is "essentially equitable in nature and is to be administered upon equitable principles." C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1208 (7th Cir. 1984). Accordingly, a court has wide discretion in determining whether a case should be reinstated under Rule 60(b). McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000) (District court's decision not to reinstate a case under Rule 60(b) is "discretion piled on discretion.") (internal quotes omitted).

All motions under Rule 60(b) must be brought within a "reasonable time." Fed. R. Civ. P. 60(b). However, a motion brought under Rule 60(b)(1), (2), and (3) must be filed no later than one year after the disputed order was entered. Id. This time limit is jurisdictional; the district court may not extend the time to file a motion under Rule 60(b)(1), (2), or (3) beyond one year, even if the delay in filing was reasonable. Brandon v. Chicago Bd. of Educ., 143 F.3d 293, 295-96 (7th Cir. 1998) (affirming denial of relief under Rule 60(b) where defendant filed motion one year and three days after judgment was entered against him); United States v. Deutsch, 981 F.2d 299, 302 (7th Cir. 1992).

- 3 -

Case 2:04-cv-00349-PJG   Filed 05/31/06   Page 3 of 4   Document 58

If a motion can be brought under Rule 60(b)(1), (2), or (3), a party may not use the "catchall" provision of Rule 60(b)(6) to avoid the one-year time limitation. Pioneer Inv. Servs. Co. v. Brunswick Assoc., 507 U.S. 380, 393 (1993) (The provisions for relief under Rule 60(b) are "mutually exclusive."); Lowe v. McGraw-Hill Companies, Inc., 361 F.3d 335, 342 (7th Cir. 2004) (A party bringing a motion under Rule 60(b)(6) "mustn't be allowed to override the one year limitation provided in rules 60(b)(1), (2), and (3)."). Therefore, a court must first determine whether any of the alleged grounds fit within subsections (1), (2), or (3), before analyzing any remaining grounds under subsection (6). Brandon, 143 F.3d at 295-96.

The plaintiff brings his motion under subsection (1) and, therefore, the one year time limit applies. The plaintiff filed his motion more than one year after the May 2, 2005, judgement was entered and the case was dismissed. Thus, the plaintiff's motion is untimely. See Id. Accordingly, the motion will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to show cause (Docket #55) be and hereby is **denied**.

Dated at Milwaukee, Wisconsin this 31st day of May, 2006.

BY THE COURT:

    s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

P:\Transfer\PJG\McCarthy04-C-349.motion to show cause.wpd   - 4 -                                     May 31, 2006

Case 2:04-cv-00349-PJG   Filed 05/31/06   Page 4 of 4   Document 58